UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| V. : | Misc. No. 07-393 (PLF) |
| : | |
| KEVIN HONESTY : | |

OPPOSITION TO NON-PARTY CHRISTOPHER IVINS' MOTION FOR LEAVE TO ALLOW FILING OF EXHIBITS UNDER SEAL

Pursuant to the provisions of F.R.Cr.P. 47 and LCrR 47, defendant Kevin Honesty, by his attorney, Gary M. Sidell, hereby submits his opposition to Christopher Ivins' ("IVINS") current Motion for leave to Allow Filing of Exhibits Under Seal ("MOTION"). Mr. Honesty opposes the MOTION as follows:

1. As his opposition to the current pleading, Mr. Honesty adopts and incorporates his Opposition to Christopher Ivins' Motion for Leave to Allow Non-Electronic Filing of Exhibits ("Opposition"), Document 23, filed in Criminal No. 07-155 (PLF), a copy of which is attached to this pleading.

Based on the foregoing, in addition to the attached Reply, and the entire record of this proceeding, Mr. Honesty urges this Honorable Court to deny the current MOTION.

Respectfully submitted,

_____/s/_____
Gary M. Sidell
1776 K Street, NW
Suite 800
Washington, D.C. 20006

D.C. Bar No. 961847
202-783-0060
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that I have caused to be served on all parties to this proceeding by ECF a copy of this pleading this ___15th___ day of October, 2007.

_____/s/_____
Gary M. Sidell

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA :
:
V. : Criminal No. 07-155 (PLF)
:
KEVIN HONESTY :

OPPOSITION TO CHRISTOPHER IVINS' MOTION FOR LEAVE TO ALLOW NON-ELECTRONIC FILING OF EXHIBITS

Pursuant to the provisions of LCrR 47, defendant Kevin Honesty, by his attorney, Gary M. Sidell, hereby submits his opposition to Christopher Ivins' ("IVINS") Motion for leave to Allow Non-Electronic Filing of Exhibits ("MOTION") as follows:

1. On September 26, 2007, IVINS, by counsel in both this jurisdiction and the state of Arizona, filed his MOTION seeking to file a movie of counsel on July 31, 2007, when he attempted to speak with Mr. Honesty who was an inmate at the Correctional Treatment Facility. Mr. Honesty was ordered to be housed at CTF on July 18, 2007, his initial appearance before this Honorable Court in this case.

2. Mr. Honesty submits that his pending motion to hold IVINS in contempt of court for unilaterally sending Mr. Honesty to the D.C. Jail, aka Central Detention Facility, on August 1, 2007, without modification of the July 18, 2007 Order has nothing to do with counsel's efforts to speak with him while in custody at CTF. Indeed, Mr. Honesty submits that any movie of counsel, in addition to those characterizations of counsel as contained in IVINS' response to his contempt

motion, is simply irrelevant and immaterial information having nothing to do with the simple, and narrow, issue at hand.

3.  Mr. Honesty submits further that IVINS' submission of the proffered movie is another effort, as is Exhibit 1 to his Response to Mr. Honesty's motion with part of his institutional file attached, which is solely an effort to divert attention from the issue of whether or not IVINS moved Mr. Honesty to the D.C. Jail in violation of a court order. The proffered description of the movie does not involve Mr. Honesty, only counsel. Hence, there is no relevant reason to submit the proffered movie since it does not establish, or even tend to establish, any valid defense to the contempt motion.

4.  Mr. Honesty submits further that, in the event the proffered movie may be filed, that it should be filed under seal. Counsel, as counsel, maintains some semblance of privacy rights when representing clients in serious and violent criminal cases and the filing of the proffered movie will make it publicly available to untold numbers with the click of a computer key. We submit that there is a difference between the written words submitted in pleadings available on-line and movies of persons even if those movies are taken in a quasi-private institutional setting. Therefore, we submit that the proffered movie should not be generally available to the public.[1]

Based on the foregoing, in addition to Mr. Honesty's Reply to Respondent Christopher Ivins' Response to Defendant Honesty's Motion to Hold Christopher Ivins in Contempt for His

---

[1] Counsel notes that, before the age of easy electronic dissemination of images, Barry Leibowitz, Esq., an assistant United States attorney, was shot at outside this courthouse where the bullet cut off his necktie. This shooting was allegedly by one seeking revenge for a criminal prosecution in which Mr. Leibowitz was involved. Having photographs as readily available from movies filed in court cases, as IVINS requests, makes personal identification far easier now. Similarly, if cameras do not record proceedings in this courthouse, and none were involved in Mr. Honesty's case, at any location, the proffered movie should not be filed.

Wilful Violation of the July 18, 2007 Order placing Defendant at the Central Treatment Facility, Mr. Honesty urges this Honorable Court to deny the Motion for Leave to Allow Non-Electronic Filing of Exhibits.

Respectfully submitted,

/s/
Gary M. Sidell
1776 K Street, NW
Suite 800
Washington, D.C. 20006
202-783-0060
D.C. Bar No. 961847

CERTIFICATE OF SERVICE

I hereby certify that I have caused this pleading to be served upon all parties by ECF this 29th day of September, 2007.

/s/
Gary M. Sidell

3