UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTOPHER IVINS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>KEVIN HONESTY, et al.,<br><br>　　　　Respondents. | Misc. No.　07-0393<br>　　　　　　PLF/DAR |

**MEMORANDUM ORDER**

This matter was referred to the undersigned United States Magistrate Judge pursuant to Local Civil Rule 72.2 for disposition of the "Motion and Supporting Memorandum of Points and Authorities to Hold Christopher Ivins in Contempt for His Wilful [sic] Violation of the July 18, 2007 Order Placing Defendant at the Central Treatment Facility[,]" and "any further related motions that may be filed." February 20, 2008 Order (Document No. 9); *see* Notice of Filing (Document No. 6-2).[1]

After consideration of the parties' written submissions and the arguments of counsel during a status hearing, an evidentiary hearing was conducted on May 21, 2008, and closing

---

[1] Mr. Honesty was the defendant in *United States v. Kevin Honesty*, Criminal No. 07-0155; counsel who filed the motion to hold Christopher Ivins in contempt was the same lawyer who was appointed to represent Mr. Honesty in the criminal case.

Ivins v.Honesty, et al.                                                                                                                                  2

arguments were heard on May 28, 2008.[2]

Upon consideration of the motion; the memoranda in support thereof and in opposition thereto; the evidence adduced at the hearing; the oral arguments of counsel and the entire record herein, the motion to hold Christopher Ivins in contempt will be denied; the request of counsel for Mr. Ivins for an award of attorney's fees will be denied, and the oral request of counsel for Mr. Ivins for the imposition of Rule 11 sanctions against counsel for Mr. Honesty also will be denied. In so ruling, the undersigned finds that counsel for Mr. Honesty entirely failed to offer evidence–direct or circumstantial–that Mr. Ivins had any (1) role whatsoever in the transfer which is the subject of the motion filed by Mr. Honesty's counsel; (2) knowledge of the order directing that Mr. Honesty be held at the Central Treatment Facility, or (3) authority to move Mr. Honesty.

The undersigned further finds that counsel for Mr. Ivins offered no authority in support of his request for attorney's fees, and never filed a motion for the imposition of Rule 11 sanctions against Mr. Honesty's counsel.

It is, therefore, this 5th day of August, 2008,

**ORDERED** that the motion to hold Mr. Ivins in contempt (Document No. 6-2) is **DENIED;** and it is

**FURTHER ORDERED** that the requests of Mr. Ivins' counsel for attorney's fees and an

---

[2] During his closing argument, counsel for Mr. Ivins, for the first time, asked that the court impose Rule 11 sanctions upon Mr. Honesty's counsel. Ivins' counsel's requests theretofore had been limited to requests for attorney's fees. See "Respondent, Christopher Ivins' Response to Defendant Honsety's Motion to Hold Christopher Ivins in Contempt for His Wilful (sic) Violation of the July 18, 2007 Order Placing Defendant at the Central Treatment Facility" (Document No. 6-3) at 8.

Ivins v.Honesty, et al. 3

award of Rule 11 sanctions is **DENIED.**

                                                  /s/
                                    DEBORAH A. ROBINSON
                                    United States Magistrate Judge